# LAW OFFICES OF JOSHUA GRAUBART, P.C.

6 E. 39th Street, 6th Floor
New York, New York 10016
TEL: (646) 781-9321
FAX: (646) 224-8088
jggraubart@graubartlaw.com

*Attorneys for Plaintiff Bryan Dybdal Andersen*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN DYBDAL ANDERSEN,<br><br>            Plaintiff,<br><br>v.<br><br>ZTE (USA) INC.,<br><br>            Defendant. | Case No. 2:17-cv-6970 |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff BRIAN DYBDAL ANDERSEN, residing at Brohaven 22C, Egaa, 8250, Denmark, by and through undersigned counsel, brings this Complaint against Defendant ZTE (USA) INC., maintaining its principal place of business at 2425 North Central Expressway, Suite 800, Richardson, Texas 75080 for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff BRIAN DYBDAL ANDERSEN ("ANDERSEN"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy, display and distribute, and make derivatives of, Andersen's original copyrighted work of authorship.

2. Brian Dybdal Andersen is a highly skilled and experienced creator of astrophotography. Astrophotography is a specialized branch of photography, which captures

images of celestial objects that are invisible to the human eye, such as dim stars, nebulae, and galaxies.  Creating such captivating images requires long time exposure, usually in remote locations to avoid urban light pollution.  Andersen then employs computer image processing to heighten the color and contrast, thereby creating a unique image.

3. Defendant ZTE (USA) INC. ("ZTE") is a producer of smart phones, tablets, projectors and smart watches, specifically the Nubia Z7 line of phones, known as the Z7, Z7 mini, and Z7 max.  ZTE is a New Jersey corporation with its principal place of business in Texas.

4. Andersen alleges that ZTE copied Andersen's copyrighted work from the internet in order to exploit it to advertise, market and promote ZTE's business activities.  ZTE committed the alleged infringements for the purposes of advertising and promoting sales of Nubia Z7 phones to the public.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. ZTE is subject to personal jurisdiction in this District.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because ZTE engaged in infringement in this district, ZTE resides in this district, and ZTE is subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK AT ISSUE

9. Andersen created a photograph which is shown below and referred to herein as the "Work".



10. Andersen registered the Work with the Register of Copyrights on January 26, 2016 and was assigned the registration number VA 2-060-969. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

11. At all relevant times Andersen was the owner of the copyrighted Work.

### INFRINGEMENT BY ZTE

12. On a date after the Work at issue in this action was created, but prior to the filing of this action, ZTE copied the Work.

13. ZTE copied Andersen's copyrighted Work without Andersen's permission and altered the Work as shown below.



14.     Forensic photographic examination and image analysis of ZTE's infringing image (shown above) – based on date, time, location, EXIF data, celestial data and Error Level Analysis data – compared to the Work has confirmed the infringement by ZTE, as well as the alteration of, and the addition of features not contained in, the Work.

15.     After ZTE copied and altered the Work, it made further copies and distributed and displayed its infringing image to promote the sale of ZTE's Nubia Z7 line of phones as shown below.



16. ZTE copied and distributed Andersen's copyrighted Work in the course and scope of advertising and selling its products and services.

17. Andersen never gave ZTE permission or authority to copy, distribute, or display the Work, or to make derivatives thereof.

18. Andersen has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

19. Andersen incorporates the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

5

20. Andersen owns a valid copyright in the Work.

21. Andersen has registered the Work with the Register of Copyrights.

22. ZTE copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Andersen's authorization in violation of 17 U.S.C. § 501.

23. ZTE performed the acts alleged in the course and scope of its business activities.

24. Andersen has been damaged, and the harm caused to Andersen is irreparable.

WHEREFORE, Plaintiff prays for judgment against Defendant ZTE that:

a. ZTE and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. ZTE be required to pay Plaintiff his actual damages and ZTE's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504.

c. Plaintiff be awarded his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: September 11, 2017          Respectfully submitted,

*/s/ Joshua G. Graubart*
**LAW OFFICES OF JOSHUA GRAUBART, P.C.**
Joshua G. Graubart (DNJ Bar No. JG9062)

*Attorneys for Plaintiff Brian Dybdal Andersen*